# JS-6
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 16-440-JGB (KKx)** | Date | July 15, 2016 |
|---|---|---|---|
| Title | *Lily Alamina v. AAA Roofing by Gene, Inc.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):     Attorney(s) Present for Defendant(s):

None Present                               None Present

**Proceedings:**    Order DISMISSING Plaintiff Lily Alamina's Complaint (Doc. No. 1) Without Prejudice for Failure to Prosecute and Comply with Court Orders (IN CHAMBERS)

On March 11, 2016, Plaintiff Lily Alamina filed a Complaint against Defendant AAA Roofing by Gene, Inc. (Doc. No. 1.) On June 15, 2016, the Court issued an Order to Show Cause ("OSC"), ordering Plaintiff to show cause as to why she had failed to serve Defendant pursuant to Federal Rule of Civil Procedure 4(m) and why this action should not be dismissed without prejudice for failure to prosecute. (Doc. No. 6.) Plaintiff has failed to respond to the Court's OSC. For the reasons set forth below, the Court DISMISSES Plaintiff's Complaint without prejudice for failure to prosecute and comply with Court orders.

## I.  LEGAL STANDARD

It is well established that district courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (stating standard applied in dismissal for failure to prosecute); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to comply with court orders).

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants;

(4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'"  Omstead, 594 F.3d at 1084 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).

## II.  DISCUSSION

Here, the first two factors -- public interest in expeditious resolution of litigation and the court's need to manage its docket -- weigh in favor of dismissal.  Plaintiff has neither served Defendant nor responded to the Court's OSC.  This failure to prosecute and follow court orders hinders the Court's ability to move this case toward disposition, and suggests Plaintiff does not intend to litigate this action diligently.

The third factor -- prejudice to defendants -- also weighs in favor of dismissal.  A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action.  See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  Nothing suggests such a presumption is unwarranted in this case.

The fourth factor -- public policy in favor of deciding cases on the merits -- ordinarily weighs against dismissal.  However, it is a plaintiff's responsibility to move towards disposition at a reasonable pace, and avoid dilatory and evasive tactics.  See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff has not discharged this responsibility despite having been: (1) instructed on her responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so.  (See Doc. No. 6.)  Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to obey court orders or to file responsive documents within the time granted.

The fifth factor -- availability of less drastic sanctions -- also weighs in favor of dismissal.  The Court cannot move the case toward disposition without Plaintiff's compliance with court orders or participation in this litigation.  Plaintiff has shown she is either unwilling or unable to comply with court orders by filing responsive documents or otherwise cooperating in prosecuting this action.

Finally, while dismissal should not be entered unless a plaintiff has been notified dismissal is imminent, see West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990), the Court has warned Plaintiff about the possibility of dismissal.  (See Doc. No. 6.)  Hence, dismissal of the Complaint for Plaintiff's failure to prosecute and comply with court orders is warranted here.

## III. CONCLUSION

Accordingly, Plaintiff's Complaint is DISMISSED without prejudice for failure to prosecute and comply with court orders.

**IT IS SO ORDERED.**